UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DETROIT BATTERY COMPANY, LLC, a
Michigan LLC,

     *Plaintiffs,*

v.                                    Case No.
                                       Honorable

PATRICK   WALBY,   an   individual,
MECHANIC,    INC.,    a    Michigan
Corporation d/b/a BRAKE TECH, and
DETROIT  BRAKE,  INC.  a  Michigan
Corporation

     *Defendants.*

_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING AND JURY DEMAND

NOW COMES Plaintiff Detroit Battery Company, LLC ("Detroit Battery"

Plaintiff), and for its claims against Patrick Walby, an individual, Mechanic, Inc. and

Detroit Brake Co., Inc. ("Defendants") state as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.    This is a lawsuit for trademark infringement and false advertisement

under federal law; and unfair competition and unjust enrichment under Michigan

law.

## THE PARTIES

2.      Plaintiff Detroit Battery is a Michigan LLC with a principal place of business at 1026 Rankin Drive, Troy, MI 48083.

3.      Plaintiff Detroit Battery brings these claims for trademark infringement and false advertising under Section 43(a) of the Lanham Act,1125(a), and similar claims under the common law of Michigan.

4.      Defendant Patrick Walby (Mr. Walby) is an individual residing at 20637 Hollywood Street, Harper Woods, MI 48225.

5.      Defendant Mechanic, Inc. is a Michigan Corporation with a principal place of business at 18900 East Nine Mile Road, Eastpointe, MI 48021.

6.      Defendant Detroit Brake, Inc. is a Michigan Corporation with a principal place of business at 32694 Van Dyke, Warren, MI 48093.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the trademark infringement and false advertising claims relating to the Lanham Act (15 U.S.C. §§ 1125 et. seq.) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to trademarks). This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367.

8.      Mr. Walby is subject to personal jurisdiction based on his residence in this District in Michigan, and based on his unlawful activities in Michigan.

9.      Defendant Mechanic, Inc. is subject to personal jurisdiction based on being a Michigan Corporation with a place of business located in Eastpointe, Michigan, and based on its unlawful activities in Michigan.

10.     Defendant Detroit Brake, Inc. is subject to personal jurisdiction based on being a Michigan Corporation with a place of business being located in Warren, Michigan, and based on its unlawful activities in Michigan.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

12.     Plaintiff Detroit Battery has used the name / brand Detroit Battery Company (the Mark) since 2017 in connection with selling car batteries. This use has been both in Michigan and in interstate commerce.

13.     Sometimes Detroit Battery uses a logo like this that incorporates the Mark:



14.     Except for the intentional infringement by the Defendants reported below, Detroit Battery's use of the Mark has been continuous and exclusive since the beginning in 2017.

3

15.    Detroit Battery advertises the batteries it sells on its website, and on social media such as Facebook, Instagram and Twitter.

16.    Detroit Battery also advertises its batteries using its mark via a vehicle featured on the "Street Outlaws" television show that airs on the Discovery channel.

17.    Detroit Battery has sold as many as 35,000 car batteries per year.

18.    Detroit Battery has a marketing budget of approximately $25,000 per year.

19.    At some point well after Detroit Battery started selling batteries under the name Detroit Battery, Mr. Walby discovered the Mark as used by Detroit Battery.

20.    In 2021, Mr. Walby initiated a telephone call with Detroit Battery during which he asked questions concerning Detroit Battery's business.

21.    Mr. Walby later visited Detroit Battery's facilities in Troy, Michigan to observe firsthand Detroit Battery's operations.

22.    Shortly thereafter, Mr. Walby began selling used batteries at very low prices doing business as "Detroit Car Battery."

23.    In or about October 2021, Mr. Walby dropped "Car" from the name of his business and now operates using the brand "Detroit Battery" at locations in Warren, Mount Clemens, and Eastpointe, Michigan.

24.    Defendants intentionally copied the Plaintiff's Mark – Detroit Battery, and they intended to trade off of the goodwill of the Plaintiff.

25.    Each and every one of the Defendants is involved in selling and advertising batteries under the infringing name.

26.    The Defendants' Detroit Battery locations are the same locations as businesses owned by the other Defendants, Detroit Brake Inc. and Mechanic, Inc., both of whom also do business as "Brake Tech." In other words, Defendants sell "Detroit Battery" branded batteries at Brake Tech locations.

27.    The Defendants maintain a domain name www.detroitcarbattery.com that resolves to a website called "Detroit Battery."

28.    The website repeatedly makes reference to "Brake Tech," saying "Pick up at Brake Tech," and "Available at Brake Tech We Deliver and Install."

29.    The exact connection among the Defendants is not known at this time, but it is clear that they are working in concert to sell batteries under the name "Detroit Battery."

30.    The Defendants also maintain a domain name www.Detroitbattery.com that resolves to a similar website.  It includes Youtube links to videos featuring Mr. Walby advertising batteries under the name Detroit Battery.

31.     Here is an image from a Youtube video that is linked to the Detroit

Battery website.  It shows Mr. Walby personally involved in the wrongdoing:



32.     Here is another copy of the infringing mark used by the Defendants.



33.     Defendants sell used batteries both through locations around Southeast Michigan and from their internet website.

34.     Defendants' website does not clearly indicate that the batteries they sell are used.

35.     The websites both recite language stating:

> Did you know that 99% of the material of a new battery is recycled material from junk batteries. [sic] The only new item in a new battery is the negative and positive battery plates. The lifespan of a new battery is the same as reconditioned battery 1-3 years. [sic] It depends on many factors temp, weather and everyday usage. [sic] The number one factor any battery goes dead is a bad cell in the negative or positive channels. [sic]

> **Reconditioned batteries** – many car owners prefer to use reconditioned car batteries over new ones because they are much less expensive. In most cases, the cost of buying a reconditioned battery is almost half compared to what would be incurred when getting a brand new one. Life span is 1-3 years. [sic]

> A reconditioned battery requires only a number of repairs and does not require all the cost involved when building a new one. Due to this, the selling price of a reconditioned battery is slightly less than that of a brand new one.

36.     The statements about batteries above are false.

37.     The batteries sold by Defendants are not "reconditioned" or "remanufactured." They are merely recharged.

38.     The batteries sold by Defendants do not include new negative and positive battery plates.

39.   The statement above that the lifespan of the used batteries that Defendants sell is the same as a new battery is likewise patently false.

40.   The unscrupulous conduct of the Defendants is also shown by their unauthorized use of an AutoZone commercial involving the Bruce Willis character from DieHard movies, which is linked to Defendants' websites and has been altered to promote Defendants' used batteries using Plaintiff's Mark.

41.   Defendants also promote their Detroit Battery business by placing ads and posting promotional material on social media that closely follow Plaintiff Detroit Battery's advertising strategy and schedule.

42.   Defendants' activities reported above took place in Michigan and in interstate commerce.

43.   Defendants' use of Plaintiff's mark is causing actual confusion among customers.  Customers call Detroit Battery several times *per day* mistakenly thinking that they are calling the Defendants.

44.   Customers also call Plaintiff Detroit Battery on a regular basis to complain about the products sold by the Defendants, mistakenly supposing that Plaintiff and the Defendants are the same business, or that Plaintiff is responsible for the inferior batteries sold by the Defendants.

## I.     INFRINGEMENT OF A COMMON LAW TRADEMARK UNDER § 43(a) OF THE LANHAM ACT

45.     Plaintiff Detroit Battery incorporates and re-states here the allegations above.

46.     Detroit Battery has acquired trademark rights in the Mark Detroit Battery for batteries.

47.     Detroit Battery also has rights in the logo reproduced above.

48.     The Defendants' use of the brand Detroit Battery in connection with car batteries is likely to cause confusion in the marketplace as to the source or origin of batteries having the name Detroit Battery.

49.     Further, the Defendants' use of the brand Detroit Battery in connection with car batteries is causing significant actual confusion in the marketplace as to the source or origin of batteries having the name Detroit Battery.

50.     Detroit Battery has been and is being injured by such conduct, and such conduct is a violation of §43(a) of the Lanham Act.

51.     This wrongful conduct is causing irreparable injury to Detroit Batttery's Mark and Detroit Battery's rights in the Mark and in the logo using the Mark.

52.     Defendants' trademark infringement is willful and intentional.

**II.     FALSE ADVERTISING UNDER § 43(a) OF THE LANHAM ACT**

53.     Plaintiff Detroit Battery incorporates and re-states here the allegations above.

54.     Defendants have engaged in false advertising.

55.     Through advertising and related efforts to promote the sale of batteries, Defendants have misrepresented the nature, quality and characteristics of the batteries that Defendant sells.

56.     In particular, Defendants' statements about its batteries reported above are false on their face.

57.     The batteries advertised and sold by Defendants are not reconditioned. They are merely recharged.

58.     The batteries advertised and sold by Defendants do not include new plates or any other new or reconditioned components.

59.     Defendants know that their batteries do not have the same life span as new batteries.

60.     Defendants know that their other statements reported above are false.

61.     Such statements amount to false advertising under §43(a) of the Lanham Act.

62.     Detroit Battery has been injured by such conduct at least because it is a competitor to Defendants, and it is losing sales to Defendants because of their false advertising.

63.    Detroit Battery is also injured because the false advertising – together with the trademark infringement – makes customers angry when they buy shoddy products from Defendants; and the customers blame the Plaintiff Detroit Battery.

64.    Detroit Battery is also being irreparable harmed by the Defendants' false advertising.

### III.    UNFAIR COMPETITION UNDER MICHIGAN LAW

65.    Plaintiff Detroit Battery incorporates and re-states here the allegations above.

66.    The Defendants have competed unscrupulously and in a manner not tolerated under Michigan law.

67.    The wrongdoing by the Defendants includes, but is not limited to, the trademark infringement and false advertising reported above.

68.    Defendants' wrongdoing also includes misleading advertising about the nature, quality and characteristics of the batteries they sell, such as whether they are new, used, reconditioned or re-charged.

69.    Detroit Battery has been injured by such conduct.

70.    Detroit Battery is being irreparably harmed by such conduct.

### IV.    UNJUST ENRICHMENT UNDER MICHIGAN LAW

71.    Plaintiff Detroit Battery incorporates and re-states here the allegations above.

72.     The Defendants have enriched themselves at the expense of the Plaintiff Detroit Battery, in part by intentionally trading off the goodwill of Detroit Battery's business and its brand.  Defendants have been able to make sales using the reputation and credibility of Detroit Battery – sales that the Defendants otherwise would not have made.

73.     Detroit Battery has been injured by such conduct.

74.     It would be unjust to permit the Defendants to retain such unjust enrichment.

## Prayer for Relief

WHEREFORE, Detroit Battery prays for judgment against the Defendants as follows:

1.     Under all claims for relief, that a preliminary and permanent injunction be issued enjoining the Defendants and their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of the Detroit Battery Mark, or any confusingly similar variations thereof, in any manner in the United States;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying in the United States

12

any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Detroit Battery Mark;

(c)     using in the United States any simulation, reproduction, counterfeit, copy, or colorable imitation of the Detroit Battery Mark, or any confusingly similar variations thereof, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service;

(d)     using in the United States any false designation of origin or false description (including, without limitation, any letters or symbols constituting the Detroit Battery Mark), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendants are in any manner associated or connected with Detroit Battery, or is sold, manufactured, licensed, sponsored, approved, or authorized by Detroit Battery;

(e)     transferring, consigning, selling, shipping, or otherwise moving in the United States any goods, packaging, or other materials in Defendants' possession, custody, or control bearing a design or mark substantially identical to Detroit Battery's Mark;

(f)     engaging in any false advertising or other activity in the United States constituting unfair competition with Detroit Battery with respect to the Detroit

Battery Mark or constituting an infringement of the Detroit Battery Mark, or of Detroit Battery's rights in, or to use or exploit, the Detroit Battery Mark;

(g)    instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.    For an order directing that Defendants recall and deliver for destruction all products, labels, tags, signs, prints, packages, videos, advertisements, and other materials in its possession or under its control, bearing or using the Detroit Battery Mark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof.

3.    For an order directing Defendants to deliver for destruction all unauthorized products, labels, signs, transparencies, electronic files, photographs, images, and advertisements in Defendants' possession or under Defendants' control bearing the Detroit Battery Mark or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, programs, or other means of making the same.

4.    For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Detroit Battery or related in any way to Detroit

Battery's products or services.

5.     For an order requiring that Defendants pay Detroit Battery for damages that were sustained as a consequence of Defendants' infringement of the Detroit Battery Mark and to account for all gains, profits, and advantages derived by Defendants by the infringement of the Detroit Battery Mark.

6.     For an order directing that Defndants file with the Court and serve upon Detroit Battery's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

7.     For an order requiring Defendants to file with the Court and provide to Detroit Battery an equitable accounting and disgorgement of all revenues and/or profits wrongfully realized by Defendants.

8.     For an award of Detroit Battery's costs and disbursements incurred in this action, including Detroit Battery's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

9.     For an award of damages and other appropriate remedies for Defendants' misconduct.

10.    For an award of interest, including pre-judgment interest, on the foregoing sums.

11.     For an order directing that this court retain jurisdiction of this action for the purpose of enabling Detroit Battery to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

12.     For an order awarding all available injunctive, monetary and other relief for such wrongful activity.

13.     For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff Detroit Battery by and through its attorneys, Howard & Howard Attorneys PLLC, demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Andrew M. Grove
Andrew M. Grove (P48868)
Gerald E. McGlynn III (P41149)
Howard & Howard Attorneys PLLC
450 West Fourth Street
Royal Oak, Michigan  48067
(248) 723-0343 – direct
(248) 645-1568 – fax
jg@h2law.com
gem3@h2law.com
Attorneys for Plaintiff

Date: May 18, 2023